# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

     **Plaintiff,**                                      **Case No.  19-cv-1028-40LRM**

     v.

**FIRST CHOICE HORIZON LLC, a Florida
limited liability company, *et al.*,**

     **Defendants.**

_____/

## LAW OFFICE OF ROBERT ECKARD & ASSOCIATES, P.A.'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS

**COMES NOW**, THE LAW OFFICE OF ROBERT ECKARD & ASSOCIATES, P.A., specifically, ROBERT D. ECKARD B.C.S. and BETH ANN TOBEY, ESQUIRE ("LORE"), attorneys for Defendants, First Choice Horizon LLC, First Southern Trust LLC, First United Mutual LLC, Premier Union Trust d/b/a Second Choice Horizon, South Premier Trust LLC, Suncoast Mutual LLC, United Choice Plus LLC, Southern Choice LLC, Sun Premier LLC, Financial Service Trust LLC, Southern Pride LLC, Raymond Gonzalez, Carlos S. Guerrero, and Joshua Hernandez (collectively "Defendants"), and respectfully requests this Honorable Court permit LORE to withdraw as counsel of record for Defendants pursuant to Florida Rules of Professional Responsibility 4-1.16(b)(1)(3)(4) and (5).  In support of this Motion, LORE states:

1.  The Rules Regulating the Florida Bar, Rule 4-1.16(b)(1) states that a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client. Here, withdrawal will not result

*FTC v. First Choice Horizon, LLC, et al.*
Case No.: 19-cv-1028-40LRM
Motion to Withdraw as Counsel for Defendants
Our Matter No.: 7916-1901
Page 1 of 9

in material adverse effect on the interest of the clients. Withdraw will not result in material adverse effect to Defendants because discovery has not started, a trial date has not been set. Additionally, an Amended Stipulated Preliminary Injunction has not been entered, and the pleadings for this case have not been closed.

2. Additionally, The Rules Regulating the Florida Bar, Rule 4-1.16(b)(3) states that a lawyer may withdraw from representing a client if the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled.

3. The Rules Regulating the Florida Bar, Rule 4-1.16(b)(4) states that a lawyer may withdraw from representing a client if the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

4. In the instant case, the undersigned represents all 14 defendants. All 14 defendants have signed retainer agreements. but have not honored there contractual and financial obligations.

5. All of the defendants have been previously noticed more than (ten)10 days ago that their failure to fulfill their financial obligations would result in this Motion being filed.

6. The undersigned believes Defendants, either individually or collectively have the financial ability to satisfy their financial obligations to the undersigned but are unwilling to do so. The financial obligations of the Defendants owed to the firm is in the tens of thousands.

*FTC v. First Choice Horizon, LLC, et al.*
Case No.: 19-cv-1028-40LRM
Motion to Withdraw as Counsel for Defendants
Our Matter No.: 7916-1901
Page 2 of 9

7. The Rules Regulating the Florida Bar, Rule 4-1.16(b)(5) states that a lawyer may withdraw from representing a client if other good cause for withdrawal exists.

8. Recent communications between Defendants and Counsel have resulted in an improper conflict of interest, which no longer makes representation feasible.

9. The conflicts arise between the individual defendants and between the several of the defendants and the undersigned.  The clients' conflicts with the undersigned includes but is not limited to:

   a. (1) an unwillingness to adhere to the lawyer's advice and acting inconsistent with that advice;

   b. (2) the client's failure to be responsive to the undersigned or his staff to satisfy their obligations imposed by this Court's Orders;

   c. (3) Mr. Gonzalez, who purports to be the "chief of the tribe" of the 14 defendants repeatedly yells at the undersigned's associates and staff, is extremely discourteous, and even hangs up the phone when the undersigned's associate is attempting to have him comply with Plaintiff's and Receiver's directives;

   d. (4) several of the defendants either remain non-responsive to any communications from the undersigned or refer all questions and demands to Mr. Gonzalez, in which the circle of stonewalling and/or non-responsiveness repeats.

10. On numerous occasions, the undersigned's associates and staff has requested from Defendants true and correct financial information related to Attachments A,

*FTC v. First Choice Horizon, LLC, et al.*
Case No.: 19-cv-1028-40LRM
Motion to Withdraw as Counsel for Defendants
Our Matter No.: 7916-1901
Page 3 of 9

B, C, and D and Ordered by this Court to provide.

11. Additionally, the undersigned's associate has explained the information related to Attachments A, B, C, and D is signed under penalty of perjury and the consequences of not answering truthfully.  Defendants have continued to ignore this fact and not provide all applicable information.

12. On August 13, 2019, the undersigned's associate had a phone conversation with Mr. Gonzalez.  During such phone call, the undersigned's associate was told she is not allowed to speak to anyone but Mr. Gonzalez.  However, the undersigned's associate explained LORE represents all 14 Defendants and will be required to speak to each client regarding the case.  In response, Mr. Gonzalez told her, "[she] does not know who she is dealing with and she better do better."

13. The undersigned nor his legal team can continue to represent these Defendants under the current circumstances of uncooperative, and in some instances, hostile conduct.

14. As an aside, the undersigned has been handling FTC cases such as this instant one since 2009 and is competent and knowledgeable in the substantive law and procedural aspects of these cases, especially when a Receivership is appointed by the Court.

15. Furthermore, the undersigned has an international criminal practice with cases all over the United States often involving large narco-trafficking conspiracies that often involves travel to Bogota and other cities in Colombia in addition to visits to La Picota Federal Prison in Bogota, Colombia.   The reason the undersigned

*FTC v. First Choice Horizon, LLC, et al.*
Case No.: 19-cv-1028-40LRM
Motion to Withdraw as Counsel for Defendants
Our Matter No.: 7916-1901
Page 4 of 9

mentions these other matters is to provide this Court with a little background on the undersigned's practice, such that the undersigned is not perceived as being "too sensitive" or unable to handle some level of disagreement or hostility from clients.  However, this instant case is causing and has caused great concern for the professional duties and obligations required as not only a member of the Florida Bar, but a Board-Certified Business Litigation specialist.

16. Moreover, during conversations with Mr. Gonzalez, he has proceeded to tell the undersigned's associates, how they are to do their job and that "the FTC better allow her to call the entities and make corrections to the Attachments if there was information missing."

17. Mr. Gonzalez has repeatedly hung up the phone on the associates and staff in LORE.

18. On August 13, 2019, the undersigned's associate received a phone call from the Receiver regarding questions about a third-party that Defendants may know. When the undersigned's staff e-mailed Defendants regarding this information, Mr. Gonzalez again called and yelled at the undersigned's associate and refused to provide the requested information.[1]  Yet again, the undersigned's associate was told "[she] is not allowed to contact anyone but Mr. Gonzalez regarding this case."

19. Pursuant to Local Rule 2.03(b), on August 21, 2019, the undersigned spoke with Defendants regarding their obligations and consequences of their continued failure

---

[1] If this Honorable Court requires additional information regarding these issues, the undersigned will provide this information during an in-camera inspection.

*FTC v. First Choice Horizon, LLC, et al.*
Case No.: 19-cv-1028-40LRM
Motion to Withdraw as Counsel for Defendants
Our Matter No.: 7916-1901
Page **5** of **9**

to fulfill those obligations, including withdrawing from the case.  Defendants have failed to fulfill their obligations to LORE.

20. On August 27, 2019, and August 29, 2019, the undersigned contacted opposing counsel, Michael Boutros, Esq., via telephone and notified him of LORE's intent to withdraw from this case.

21. The undersigned has complied with the 10-day notice provision to all Defendants of the intent to withdraw from representation.

22. If this Motion is granted, the undersigned requests that Defendants be afforded twenty-one (21) days, from the date of an Order granting this Motion, to secure the appearance of substitute counsel.  In the interim, the undersigned directs all future correspondence to:

> a. Raymond Gonzalez, as an individual and Registered Agent for First Choice Horizon, LLC
> 3818 Golden Knot Drive
> Kissimmee, FL 34746
> 786-679-6140
> Gonzalez.Raymon80@yahoo.com
>
> b. Joshua Hernandez, as an individual and Registered Agent for South Premier Trust, LLC
> 524 Haversham Way
> Davenport, FL 33897
> 353-874-8479
> H_joshua12@yahoo.com
>
> c. Carlos S. Guerrero, as an individual and Registered Agent of First United Mutual LLC & CSG Consulting Solutions, LLC
> 1110 Hoghican Trail
> Mulberry FL 33860
> 863-934-8854

*FTC v. First Choice Horizon, LLC, et al.*
Case No.: 19-cv-1028-40LRM
Motion to Withdraw as Counsel for Defendants
Our Matter No.: 7916-1901
Page 6 of 9

d. Xiomarie Gonzalez, as Registered Agent for First
Southern Trust, LLC
8529 South Park Circle
Orlando, FL 32819
Gxiomarie@gmail.com
407-953-3634

e. David Maisonet, as Registered Agent for Premier Union
Trust, LLC
1341 Raintree Bend
Clermont, FL 34714
mdavid0222@gmail.com
407-219-2148

f. Jenesis Hernandez, as Registered Agent for Suncoast
Mutual, LLC
1000 Legion Place
Orlando, FL 32801
Hernandez.Jenesis@yahoo.com

g. Joanna Suzana, as Registered Agent for Southern Pride,
LLC
3929 Pemberly Pines Circle
Saint Cloud, FL 34770
407-818-3344
DeeJayjnice@gmail.com

h. Armando Moreno, as Registered Agent for Sun Premier,
LLC
933 Lee Rd
Orlando, FL 32810
786-449-2060
Armando.moreno2011@yahoo.com

I. Emily Gonzalez a/k/a Emily Lopez, as Registered Agent
   for Financial Services Trust, LLC
1400 West Oak Street
Kissimmee, FL 34741
203-414-1685
rayandemily2012@gmail.com

j. Joshua Escobar, as Registered Agent for Southern
Choice, LLC
121 S Orange Ave

*FTC v. First Choice Horizon, LLC, et al.*
Case No.: 19-cv-1028-40LRM
Motion to Withdraw as Counsel for Defendants
Our Matter No.: 7916-1901
Page 7 of 9

Orlando, FL 32801
407-744-3297
Joshuaescobar@yahoo.com

k. Giselle Marrero, as Registered Agent for United Choice, LLC
12001 Research Pkwy Suite 236
Orlando, FL 32826
203-954-9476
Gisellema15@gmail.com

23. This Motion to Withdraw is neither being imposed to delay or hinder this cause, but rather being filed in good faith.

**WHEREFORE,** the undersigned respectfully requests that this Honorable Court permit The Law Office of Robert Eckard & Associates, P.A. and specifically, Robert D. Eckard, B.C.S. and Beth Ann Tobey , Esquire, to withdraw as attorneys of record for the Defendants', First Choice Horizon LLC, First Southern Trust LLC, First United Mutual LLC, Premier Union Trust d/b/a Second Choice Horizon, South Premier Trust LLC, Suncoast Mutual LLC, United Choice Plus LLC, Southern Choice LLC, Sun Premier LLC, Financial Service Trust LLC, Southern Pride LLC, Raymond Gonzalez, Carlos S. Guerrero, and Joshua Hernandez , relieve The Law Office of Robert Eckard & Associates, P.A. from any and all further obligations from representation thereof, and grant such other relief as this Honorable Court deems proper and just.

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)</u>

Pursuant to Local Rule 3.01(g), the undersigned conferred with counsel for the Plaintiff, Michael Boutros, who has advised that he does oppose the relief requested herein.

*FTC v. First Choice Horizon, LLC, et al.*
Case No.: 19-cv-1028-40LRM
Motion to Withdraw as Counsel for Defendants
Our Matter No.: 7916-1901
Page 8 of 9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September _6th_, 2019, a true and correct copy of the foregoing has been electronically filed through the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record and Counsel for the Receiver, via Electronic Mail:

Michael Boutros, Esquire
Federal Trade Commission
225 Peachtree St. NE
Suite 1500
Atlanta, GA 30303-1729
mboutros@ftc.gov

Mark Bernet, Esquire
401 E. Jackson Street
Suite 1700
Tampa, FL 33602
Mark.bernet@akerman.com

All Defendants by US Mail or Email

**LAW OFFICE OF ROBERT ECKARD
& ASSOCIATES, P.A.**

**ROBERT D ECKARD, B.C.S.
FBN: 0162655
BETH ANN TOBEY, ESQUIRE
FBN: 1008538
3110 Alternate U.S. 19 North
Palm Harbor, FL 34683
(727) 772-1941 Telephone
(727) 771-7940 Facsimile
Robert@RobertEckardLaw.com
BethAnn@RobertEckardLaw.com
*Counsel for Defendants***

*FTC v. First Choice Horizon, LLC, et al.*
Case No.: 19-cv-1028-40LRM
Motion to Withdraw as Counsel for Defendants
Our Matter No.: 7916-1901
Page **9** of 9