# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Case No:　6:19-cv-1028-Orl-40LRH**

**FIRST CHOICE HORIZON LLC, FIRST
SOUTHERN TRUST LLC, FIRST
UNITED MUTUAL LLC, PREMIER
UNION TRUST LLC, SOUTH PREMIER
TRUST LLC, SUNCOAST MUTUAL
LLC, RAYMOND GONZALEZ, CARLOS
S. GUERRERO, JOSHUA HERNANDEZ,
UNITED CHOICE PLUS LLC,
SOUTHERN CHOICE LLC, SOUTHERN
PRIDE LLC, SUN PREMIER LLC and
FINANCIAL SERVICE TRUST LLC,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **RECEIVER'S VERIFIED FIRST APPLICATION FOR PAYMENT FOR SERVICES RENDERED AND REIMBURSEMENT FOR COSTS INCURRED (Doc. 60)** |
| **FILED:** | **August 23, 2019** |

**THEREON** it is respectfully **RECOMMENDED** that the motion be **GRANTED**.

## I.     Background

The Federal Trade Commission ("FTC") filed this action on June 3, 2019 against Defendants alleging that they "engaged in a telemarketing scheme that defrauds financially distressed consumers and often older adult consumers by selling a bogus credit card interest rate reduction service."  (Doc. 1 at ¶ 2 ("Complaint")).  The FTC claims that the Defendants' actions violated various provisions of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a) and the FTC's Telemarketing Sales Rule, 16 C.F.R. Pt. 310.   (*Id*. at ¶ 1).[1]

On the same day the Complaint was filed, the FTC moved for entry of a temporary restraining order ("TRO"), which the Court granted.  (Docs. 4, 12).  Pursuant to the TRO, the Court appointed Attorney Mark J. Bernet as a temporary receiver ("Receiver") of the Receivership Entities, which are defined as the "Corporate Defendants as well as any other entity that has conducted business related to the marketing, promotion, offering for sale, or sale of Defendants' credit card interest rate reduction service. . . ."  (*Id*. at 6-7, 19).   In doing so, the Court directed the Receiver to perform several duties, including, but not limited to, investigating and controlling the Receivership Entities and their assets.  (*Id*. at 19-24).   In exchange for these services, the TRO permits the Receiver to recover his reasonable fees and out-of-pocket expenses:

> **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities.   The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order.

---

[1] On June 13, 2019, the Receiver filed a notice identifying five additional companies that were involved in the scheme giving rise to this case.  (Doc. 16).  The FTC subsequently filed an amended complaint on July 16, 2019, adding the companies identified by the Receiver as new defendants.  (Doc. 37; *see* Doc. 60 at 4).  The claims in the amended complaint are otherwise identical to those in the original complaint.

The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

(*Id*. at 29).

On June 26, 2019, the FTC filed a stipulated preliminary injunction, which the Court accepted and entered the next day.   (Docs. 24; 28).   Attorney Bernet was appointed as the permanent receiver of the Receivership Entities and maintained the same duties set forth in the TRO. (Doc. 28 at 18-23).   The preliminary injunction also contained a provision governing the Receiver's compensation, which is identical to the one contained in the TRO.   (*Id*. at 28).[2]

In accordance with the preliminary injunction, the Receiver timely filed a motion to recover payment for his services and reimbursement for the expenses he incurred.   (Doc. 60 ("Motion")). The Receiver seeks authorization to recover a total of $42,945.00 in fees and $505.17 in expenses. (*Id*. at 14).   In support, the Receiver filed: 1) a time sheet detailing the tasks he performed in this case between June 3, 2019 and July 31, 2019; and 2) an affidavit from himself in support of his requested expenses.   (Docs. 60-1; 60-2).   Pursuant to Local Rule 3.01(g), the Receiver certifies that none of the parties object to the Motion.   (*Id*. at 14).   In addition, no party has filed any response to the Motion.   The Motion is now ripe for consideration.

## II.    Discussion

In the TRO and preliminary injunctions, the Court determined that the Receiver is entitled to payment of his reasonable fees and reimbursement for out-of-pocket expenses.   (Docs. 12; 28;

---

[2] The Court entered an amended stipulated preliminary injunction in December 2019. (Docs. 77, 79).   The provisions of the amended preliminary injunction relating to the appointment of the Receiver, the Receiver's duties, and the Receiver's compensation are identical to those provisions in the original preliminary injunction.   (*Compare* Doc. 28 at 18-23, 28 *with* Doc. 77 at 19-24, 29).

77).   The sole issue before the Court therefore is whether the requested fees and expenses are reasonable.

### A.   The Receiver's Fees

The Court utilizes the lodestar approach to determine reasonable compensation for the Receiver.   *F.T.C. v. MOBE Ltd.*, No. 6:18-cv-862-Orl-37DCI, 2019 WL 7502748, at *2 (M.D. Fla. Dec. 23, 2019) (citing *S.E.C. v. Aquacell Batteries, Inc.*, No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008)), *report and recommendation adopted by* 2020 WL 94569 (M.D. Fla. Jan. 8, 2020).   The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate."   *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citation omitted).   There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553-54 (2010).

### 1.   The Receiver's Hourly Rate

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."   *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citations omitted).   In determining whether an hourly rate is reasonable, the Court may consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)[3] and it may rely on its own knowledge and experience of the prevailing market rate.   *See Norman*, 836 F.2d at

---

[3] The *Johnson* factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.   *Johnson*, 488 F.2d at 717-19.

1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value"); *see also Johnson*, 488 F.2d at 717-19.   "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates."   *Id*. at 1299 (citation omitted).   Satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates.   *Id*.

The Receiver seeks approval of an hourly rate of $350.00.   (Doc. 60 at 2).   In support, the Receiver states that the FTC agreed to the hourly rate, which represents a $200.00 discount off his 2019 standard hourly rate of $550.00.   (Doc. 60 at 2 at n.1, 12).   The Receiver, however, provides no additional argument or evidence in support of his requested hourly rate.   Instead, the Receiver offers to provide addition materials in support of the hourly rate if the Court desires such information.   (*Id*. at 12).   The undersigned declines the offer, because such information should have been provided when the Motion was filed.   Therefore, the undersigned will consider the reasonableness of the Receiver's requested hourly rate based on the record before the Court, as well as the undersigned's own knowledge and experience of the prevailing market rate for similar work.

While there is a dearth of evidence to support the Receiver's requested hourly rate, the undersigned nevertheless finds it to be reasonable.   In so finding, the undersigned notes that the Receiver is a partner at Akerman LLP.   (Doc. 60-2 at ¶ 2).   Also, a review of case law reveals that Attorney Bernet has been appointed as a receiver in other cases brought by the FTC.   *See, e.g.*, *MOBE Ltd.*, 2019 WL 7502748, at *1; *F.T.C. v. Life Mgmt. Servs. of Orange Cty, LLC*, 6:16-cv-982-Orl41TBS, at *1 (M.D. Fla. Jan. 24, 2019); *F.T.C. v. All US Marketing LLC*, No. 6:15-cv-1016-Orl-28KRS, 2017 WL 9990675, at *1 (M.D. Fla. Aug. 17, 2017).   In the most recent case to address

Attorney Bernet's hourly rate as a receiver, United States Magistrate Judge Daniel C. Irick, considering the same evidence before this Court, namely the FTC and Receiver's agreement to a $330.00 hourly rate, entered a report and recommendation finding an hourly rate of $330.00 to be reasonable. *MOBE Ltd.*, 2019 WL 7502748, at *3. The report was subsequently adopted by United States District Judge Roy B. Dalton, Jr. *MOBE Ltd.*, 2020 WL 94569, at *1. Considering Attorney Bernet's experience, the recent decision in *MOBE*, and the undersigned's own knowledge and experience of the prevailing wage for work as a receiver, the undersigned finds an hourly rate of $350.00 is reasonable.[4]

### 2. The Receiver's Hours

"The Receiver . . . must exercise proper billing judgment in seeking fees from the receivership estate, and should limit their work to that which is reasonable and necessary." *Aquacell Batteries, Inc.*, 2008 WL 276026, at *3 (citing *F.T.C. v. Peoples Credit First, LLC*, No. 8:03-cv-2353-T-17TBM, 2005 WL 3981599, at *4 (M.D. Fla. Apr. 19, 2006). In demonstrating that the requested hours are reasonable, the fee applicant "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citation omitted). "If fee applicants do not exercise

---

[4] While the undersigned finds the Receiver's requested hourly rate to be reasonable, the Receiver is cautioned about his reliance on the agreement between him and the FTC. Ordinarily, such agreements are not determinative of a reasonable hourly rate. *See All US Marketing LLC*, 2017 WL 9990675, at *3 n.2 ("Of course, Receiver Bernet is aware that what he agreed to accept does not establish that the rate is reasonable under the lodestar analysis."), *report and recommendation adopted by* 2017 WL 9990574 (M.D. Fla. Sept. 5, 2017). In this case, the undersigned considered (and relied more heavily upon) the case law in this District and her own knowledge and experience of the prevailing wage for a receiver in similar cases. In future motions seeking fees, the Receiver must provide the Court with additional evidence to support the requested hourly rate, even if the Receiver does not seek a rate higher than what is now being accepted.

billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quotation marks omitted).

The Receiver seeks fees for 122.7 hours of work that he performed between June 3, 2019 and July 31, 2019.[5]   (Doc. 60 at 10).   During this period, the Receiver, among other things, evaluated the nature of the Receivership Entities' business practices, ensured the Receivership Entities were not violating the law, secured the Receivership Entities' electronically stored information, took control of the Receivership Entities and their assets, and took steps to notify consumers of this action.   (*Id*. at 6-9).   The Receiver detailed his work on these matters in the time sheets attached to the Motion.   (Doc. 60-1).   Upon review of the time sheets, the undersigned finds the amount of time the Receiver spent on this matter between June 3, 2019 and July 31, 2019 was reasonable and necessary to carry out his duties under the preliminary injunctions.

### 3.   The Lodestar

As discussed above, the undersigned finds that $350.00 is a reasonable hourly rate for the Receiver and that he reasonably spent 122.7 hours working on this case between June 3, 2019 and July 31, 2019.   Accordingly, the Receiver should be allowed to recover a total of $42,945.00 in fees.

### B.   The Receiver's Expenses

The Receiver seeks a total of $505.17 for reimbursement of out-of-pocket expenses, including a post office box rental, postage, Federal Express charges, copy costs, mileage reimbursements (using the IRS-approved reimbursement rate), and contract labor used to secure the

---

[5] The Receiver states that he only recorded about ninety percent of the time he spent working on this case during the period in question, leaving out travel time and some time spent communicating with consumers.   (Doc. 60 at 10-11).

Defendants' office.   (Docs. 60 at 13-14; 60-1 at 5; 60-2 at 3).   In support of this request, the Receiver provided an affidavit from himself averring to the necessity of the expenses.   (Doc. 60-2 at 1-2).

"[R]equests for reimbursement of expenses must be supported by sufficient information for the Court to determine that the expenses are actual and were necessarily incurred."   *F.T.C. v. Worldwide Info Servs., Inc.*, No. 6:14-cv-8-Orl-41DAB, 2015 WL 3953761, at *3 (M.D. Fla. June 29, 2015) (citations omitted).   "When out-of-pocket expenses represent legitimate, reasonable expenditures actually incurred by the Receiver . . ., it is reasonable that they should be reimbursed." *S.E.C. v. Kirkland*, No. 6:06-cv-183-Orl-28KRS, 2007 WL 470417, at *4 (M.D. Fla. Feb. 13, 2007).

Here, the Receiver has shown through his affidavit that the requested expenses where reasonably incurred in execution of his duties as receiver.   (*See* Doc. 60-2).   The undersigned therefore finds that the Receiver is entitled to recover $505.17 for reimbursement of out-of-pocket expenses.

## III.    Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.   The Motion (Doc. 60) be **GRANTED**.

2.   The Receiver be authorized payment of $42,945.00 in fees and $505.17 in expenses.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 15, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy