# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br> v.<br><br>FIRST CHOICE HORIZON LLC, *et al*,<br><br>    Defendants. | Case No. 6:19-cv-01028-PGB-LRH |

## PLAINTIFF FEDERAL TRADE COMMISSION'S
## FIRST SET OF INTERROGATORIES TO DEFENDANT CARLOS S. GUERRERO

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rule 3.03 of the Middle District of Florida, Plaintiff Federal Trade Commission ("FTC" or "Commission"), by its undersigned attorneys, hereby submit to Defendant Carlos S. Guerrero, this First Set of Interrogatories. Sworn answers to these interrogatories must be served upon Plaintiff's counsel Michael A. Boutros and Robin L. Rock within thirty (30) days after service at the FTC's Southeastern Regional Office at 225 Peachtree St., NE, Suite 1500, Atlanta, Georgia 30303

### INSTRUCTIONS

1. In responding to these requests, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your attorneys, accountants, advisors, representatives, agents, or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your control. All documents that respond, in whole or in

1

part, to any portion of the requests below shall be produced in their entirety, including all attachments and enclosures.

2. The term "**identify**" or "**identity**" means:

a. With respect to persons: (a) for a natural person, to state the full name, title, present business affiliation, the residential and business address, and the residential and business telephone numbers; and (b) for a person other than a natural person, to state the name of the entity, its address and telephone number, and the names of its managing agent(s) or director(s).

b. With respect to documents and communications: (a) for any document produced in the litigation, to state the precise production or bates number; (b) for any document not produced in the litigation, to state the type of document (e.g., "letter to John Doe, cc: Richard Roe"), the date created and the name of the author, addressee, and recipients, describe the general subject matter and its present location or custodian (or, in lieu thereof, attach a copy of the document); (c) for any communication which is not identified as a document, to state the date made and the name of the originator and the recipient, and describe the general contents thereof. If any such document was, but is no longer, in your possession or subject to your control, or in existence, state whether it: (1) is missing or lost; (2) has been destroyed; (3) has been transferred, voluntarily or involuntarily, to others; or (4) has been otherwise disposed of. In each instance, explain the circumstances surrounding the authorization for such disposition and state the date or approximate date thereof.

c. With respect to facts and events, to state with particularity all facts known that bear upon or are related to the matter that is the subject of the inquiry, using the simplest and most factual statements of which you are capable, but including the

identity of each (known) person or entity whose action, inaction, or reaction constitutes part of such facts, and the date(s) of events referenced in such facts.

3. If you object to the scope or breadth of any of these interrogatories, you are required, to the extent possible, to respond to these interrogatories notwithstanding the objection.

4. Where an objection is made to any discovery request or sub-part thereof, the objection should specifically state all grounds for the objection and whether otherwise responsive information, documents, or things are being withheld on the basis of the asserted objection. No part of a discovery request should be left unanswered merely because an objection is interposed to another part of that request.

5. If any of these interrogatories cannot be answered in full after exercising due diligence to secure the full information to do so, you should answer to the extent possible, specifying the reasons for your inability to answer the remainder, detailing what you did in attempting to secure the unknown information, and stating what information, knowledge, or belief you have concerning the unanswered portion.

6. If any meaning of any term in any request herein is unclear to you, without waiver of the Plaintiff's rights to seek a full and complete response to the request, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

7. If you assert a claim of privilege in responding to or objecting to any interrogatory, the attorney asserting the privilege shall provide the following information:

a. Describe the nature of the privilege that is being claimed;
b. For documents: (a) the type of document, (b) general subject matter of the document, (c) the date of the document, (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where

3

  appropriate, the author, addressee, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, and any other recipient to each other;

 c. For oral communications: (a) the name of the person making the communication, the names of the persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication, (b) the date and place of communication, and (c) the general subject matter of the communication.

 8. If anything is deleted from a document produced in response to an interrogatory, list: (1) the reason for the deletion, and (2) the subject matter of the deletion.

 9. Words in the masculine, feminine or neuter form shall include each of the other genders.

 10. The present tense includes the past and future tenses.

 11. The singular includes the plural, and the plural includes the singular.

 12. These requests are continuing in character so as to require you to supplement your responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure within a reasonable time if you obtain or become aware of any further information responsive to these interrogatories.

 13. Unless otherwise specified, these interrogatories are limited to the time period from January 1, 2016, to and including the date of service of these interrogatories.

### DEFINITIONS

 A. **"Agents," "representatives,"** and **"employees"** mean any person who is or was paid a salary or a commission, or provided anything of value, or

4

was an independent contractor for, or received any monetary or other benefit in exchange for, goods or services provided.

B. "**Corporate Defendants**" means, individually and collectively, First Choice Horizon LLC, First Southern Trust LLC, First United Mutual LLC, Premier Union Trust LLC, South Premier Trust LLC, Suncoast Mutual LLC, United Choice Plus LLC, Southern Choice LLC, Southern Pride LLC, Sun Premier LLC, and Financial Service Trust LLC, and includes the d/b/a's Second Choice Horizon and CSG Solutions.

C. **"Debt Relief Product or Service"** means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

D. "**Defendants**" means, individually and collectively, the Individual Defendants and the Corporate Defendants, individually, jointly, or in any combination, and any affiliates, partnerships, and joint ventures, predecessors, divisions, subsidiaries, and all members, directors, officers, employees, agents, and representatives of these parties. The terms "affiliate" and "joint venture" refer to any person in which there is partial (10 percent or more) or total ownership or control between Defendants and any other person.

E. "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of

Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

F.     **"Electronically Stored Information" or "ESI"** shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any electronic medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form. This includes, but is not limited to, electronic mail, instant messaging, videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings,

whether stored on: cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media.

G. The "**Individual Defendants**" means, individually and collectively, Raymond Gonzalez, Carlos S. Guerrero, and Joshua Hernandez.

H. **"Seller"** means any person who, in connection with a Telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to a customer in exchange for consideration.

I. **"Telemarketer"** means any person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

J. **"Telemarketing"** means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

K. **"National Do Not Call Registry"** means the registry of telephone numbers maintained by the FTC, pursuant to Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), of persons who do not wish to receive Outbound Telephone Calls to induce the purchase of goods or services.

L. **"Outbound Telephone Call"** means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

M. The term **"person"** means any natural person or any business, legal, or government entity or association.

N. "**Remotely Created Payment Order**" means any payment instruction or order drawn on a person's account that is created by the payee or the payee's agent and deposited into or cleared through the check clearing system. The term includes, without limitation, a "remotely created check." It also includes any check that is not created by the paying bank and that does not bear a signature applied, or purported to be applied, by the person on whose account the check is drawn.

O. The term **"person"** means any natural person or any business, legal, or government entity or association.

P. The word **"any"** shall be construed to include the word **"all**,**"** and the word **"all"** shall be construed to include the word **"any."**

Q. The word **"each"** shall be construed to include the word **"every**,**"** and the word **"every"** shall be construed to include the word **"each**.**"**

R. The word **"or"** shall be construed to include **"and**,**"** and the word **"and"** shall be construed to include the word **"or**.**"**

S. The phrase **"referring or relating to"** means referring to, relating to, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to, or associated with.

T.  The use of any capitalized word shall include the same word uncapitalized, and the use of any uncapitalized word shall include the same word capitalized.

U.  Notwithstanding the above definitions, each word, term, or phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## INTERROGATORIES

1.

State all positions (both formal and informal) you have held at each Corporate Defendant and describe with particularity your title, role, function, duties, areas of responsibilities, and the dates that you have held each position, including for instance, a) your day-to-day responsibilities and administrative and other activities with respect to each of the Corporate Defendants; and b) what responsibilities you exercised, or had the authority to exercise.

2.

Identify all persons who worked for Defendants, whether as an employee, independent contractor, or consultant (regardless of whether salaried, commissioned, paid, or unpaid) and provide the title, job responsibilities, and dates of service for each, and identify the person who hired each.

**3.**

Identify and describe in detail any and all business activity conducted by Defendants, including but not limited to the offer, marketing, and/or sale of Debt Relief Products or Services, and for each business activity (a) provide the nature and a description of the transactions, (b) any DBA,

alias, or fictitious name under which this activity was transacted; (c) identify by name and job title each person responsible for procuring any necessary licenses (identifying each license) required in order for you to conduct that business activity, (d) provide the dates during which this activity was transacted, (e) the number of consumers per year that purchased any product or service; and (f) the amount of gross income received, and the amount, if any, of consumer refunds and chargebacks for each given business activity.

4.

Describe in detail Defendants' policies, practices, and procedures relating to third parties transferring customers to Defendants in connection with the marketing and sale of Debt Relief Products or Services, and in connection with doing so, identify (a) all persons who have provided customer leads to Defendants, (b) the dates of all purchase contracts or other purchase agreements; (c) the parties to each contract or purchase agreement; (d) the amount paid by each Defendant for the consumer leads, broken down by purchase or agreement date; (e) the quantity of leads purchased; (f) the type of leads purchased; and (g) the contact information for the person(s).

5.

Describe in detail Defendants' policies, practices, and procedures relating to third parties receiving customers from Defendants in connection with the marketing and sale of Debt Relief Products or Services, and in connection with doing so, identify (a) all persons who have received customer leads from Defendants; (b) the dates of all purchase contracts or other purchase agreements; (c) the parties to each contract or purchase agreement; (d) the amount paid by each Defendant for the consumer leads, broken down by purchase or agreement date; (e) the quantity

of leads purchased; (f) the type of leads purchased; and (g) the contact information for the person(s).

6.

Identify all Defendants and third parties who have marketed and sold any Debt Relief Products or Services for Defendants and describe (1) their roles and responsibilities of Defendants and third parties and (2) each product(s) or service(s) that has been marketed or sold.

7.

Describe in detail the business relationships between Defendants and the following persons: (a) VoIP Terminator; (b) KM Marketing; (c) Pinnacle Business Funds; (d) INF Ivelisse; (e) Optimal Marketing; (f) Tech Core; (g) Intermedia Networking; (h) MD Investments; (i) Consumer Defense Group; (j) Golden Leaf Investments, and (k) any other person involved in the marketing or sale of Defendants' Debt Relief Products or Services, including the (1) identification of the principals of these persons; (2) the time period covering each of the business relationships; (3) the subject matter of the business relationships; (4) a description of the agreements or contracts (whether oral or written) between Defendants and the persons identified in (a) – (k); (4) the titles of all persons who were involved with negotiating any agreements or contracts between Defendants and the persons identified in (a) – (k); and (5) the roles of the persons who negotiated any agreements or contracts between Defendants and the persons identified in (a) – (k).

8.

Describe, in detail, Defendants' policies, practices, and procedures for handling and documenting consumer complaints, cancellation requests, and/or requests for refunds, whether received directly from consumers or from governmental entities and other third parties by any

means (i.e., oral, written, electronic), and in connection with this request, identify: (i) the person(s) responsible for handling and/or responding to such complaints and refund requests, (ii) the name, address, and telephone number of each consumer from whom you received a complaint, cancellation request, or refund request (directly either from the consumer or from a third party on behalf of the consumer), and (iii) for each consumer, include in your answer the identification of any third party that forwarded a complaint or request to you on the consumer's behalf.

9.

Describe, in detail, your substantiation supporting the claim that consumers who purchased Defendants' service had their credit card interest rates reduced to zero percent permanently or for the life of the credit card debt, and in connection with doing so, identify each consumer that Defendants were successful in lowering the consumer's credit card interest rate to zero percent permanently or for the life of the credit card debt and identify any relevant documents and their location.

10.

Describe, in detail, your substantiation supporting the claim that consumers who purchased Defendants' service and saved thousands of dollars on their credit card debt, and in connection with doing so, identify each consumer that Defendants were successful in saving thousands of dollars on the consumer's credit card debt, the amount each consumer saved (net of all fees, including any fees charged by Defendants), and describe the location of any relevant documents.

11.

Describe in detail the policies and procedures related to all disclosures made to consumers in connection with the sale of a Debt Relief Product or Service and identify the documents used to show these disclosures were provided.

12.

Describe in detail Defendants' practices, policies, and procedures regarding applying for credit cards on behalf of consumers, including all practices, policies and procedures regarding obtaining a consumer's authorization or express informed consent, and in connection with doing so, identify all consumers for whom credit cards were applied by Defendants and any documents related to same.

13.

Describe Defendants' policies, practices and procedures related to marketing and selling any Debt Relief Product or Service, including but not limited to: (a) purchasing or obtaining consumer leads; (b) preparing all manuals or other materials used to train employees; (c) preparing each sales pitch and script (d) overseeing employees to ensure compliance with Defendants' policies and procedures; (e) the identification of all persons responsible for establishing Defendants' policies, practices, and procedures related to marketing and selling any Debt Relief Product or Service; and (f) the use of any employee or contractor monitoring system that Defendants used while marketing and selling Debt Relief Products or Services (such description to include: (i) the equipment utilized to conduct the monitoring; (ii) the persons who were monitored; (iii) the persons who conducted the monitoring; (iv) the criteria used for the monitoring; (v) the recordkeeping of the monitoring; and (vi) the dates that covered the monitoring).

**14.**

Identify by name, address, telephone number, and job title each person responsible for writing, approving, placing, and/or paying for advertising and/or marketing material created by, or on behalf of the Corporate Defendants, including in your answer (a) an explanation of your role in the creation of, or supervision over, placement of, and payment for each; and (b) the identification of all domain names and website addresses that you registered or otherwise controlled.

15.

Identify by name, address, telephone number, and job title each person responsible for drafting, revising, disseminating, implementing, and/or approving the telemarketing sales scripts used by Defendants to sell Debt Relief Products or Services, including in your answer the name, address, telephone number, and job title of each person responsible for ensuring that only approved telemarketing scripts were used by sales staff, and that each member of the sales staff did not deviate from sales scripts.

16.

Describe with particularity your practices, policies, and procedures and identify by name and job title each person responsible for drafting and implementing your practices, policies, and procedures relating to attempting to collect payment from customers, sending your customers invoices, obtaining customers' authorization or express verifiable consent, or calls demanding payment for services.

17.

Describe all policies, practices, and procedures regarding Defendants' compliance with all federal and state Telemarketing requirements, including, but not limited to, (i) Outbound telephone calls to a person's telephone number on the National Do Not Call Registry, (ii) payment of the required annual fee for access to telephone numbers included in the National Do Not Call Registry, (iii) initiating outbound telephone calls that deliver prerecorded messages, (iv) registration as a telemarketer and submission of telemarketing scripts, and (v) all documents related to (i) – (iv).

18.

Describe any joint ventures or affiliations related to marketing and selling any Debt Relief Product or Service that Defendants have or have established with other entities, including (a) the identity of entities; (b) a description of the joint ventures or affiliate agreements; and (c) the dates of such joint ventures or affiliations.

19.

Describe any prior civil, criminal, administrative, or regulatory enforcement proceedings in which you have been involved, whether as a party or witness, during the past 10 years and, for each proceeding, state: a) the name of the parties involved; b) the name and address of the court, tribunal, or panel before which the proceedings were brought; c) a description of the nature of the proceedings and the claims made; and d) a description of the final disposition of the proceedings, along with the date.

20.

For any allegation contained in Plaintiff's Complaint or Amended Complaint that you have specifically denied, in whole or in part, state the basis for your denial.

21.

State all facts supporting each of your affirmative defenses.

**22.**

Identify and describe each Corporate Defendant's method for its recordkeeping of sales, income, expense, and customer files and records, and the location where all recordkeeping documents are stored.

Dated:  February 19, 2020          Respectfully submitted,

/s/ Michael A. Boutros
**MICHAEL A. BOUTROS**
**ROBIN L. ROCK**
225 Peachtree Street, N.E., Suite 1500
Atlanta, Georgia 30303
(404) 656-1351 (Boutros office)
(404) 656-1368 (Rock office)
Email:   mboutros@ftc.gov
             rrock@ftc.gov
(404) 656-1379 (FTC Fax)

**Attorneys for Plaintiff**
**FEDERAL TRADE COMMISSION**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I served the foregoing by email to the service list below.

Robert D. Eckard, Esq.
Law Office of Robert Eckard & Associates, P.A.
3110 Alternate U.S. 19 North
Palm Harbor, FL 34683
Robert@RobertEckardLaw.com

Mark J. Bernet, Esq., Receiver
Akerman LLP
401 E. Jackson St. Suite 1700
Tampa, FL 33602
Mark.bernet@akerman.com

Dated: February 19, 2020        /s/ *Michael A. Boutros*
**MICHAEL A. BOUTROS**