# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

**v.**           Case No:   **6:19-cv-1028-Orl-40LRH**

**FIRST CHOICE HORIZON LLC, FIRST SOUTHERN TRUST LLC, FIRST UNITED MUTUAL LLC, PREMIER UNION TRUST LLC, SOUTH PREMIER TRUST LLC, SUNCOAST MUTUAL LLC, RAYMOND GONZALEZ, CARLOS S. GUERRERO, JOSHUA HERNANDEZ, UNITED CHOICE PLUS LLC, SOUTHERN CHOICE LLC, SOUTHERN PRIDE LLC, SUN PREMIER LLC and FINANCIAL SERVICE TRUST LLC,**

    **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S AMENDED MOTION TO COMPEL DEFENDANTS TO RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (Doc. 87)**
>
> **FILED:**      **April 1, 2020**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

The discovery period in this case opened on July 18, 2019 (Doc. 39 at 3), and the Court set the discovery deadline for June 1, 2020 (Doc. 42 at 2).

On February 19, 2020, the Plaintiff served its first sets of interrogatories on Defendants Raymond Gonzalez (Doc. 87-2), Carlos Guerrero (Doc. 87-3), and Joshua Hernandez (Doc. 87-4), its first sets of interrogatories on Defendants First Choice Horizon LLC (Doc. 87-5), First Southern Trust LLC (Doc. 87-6), First United Mutual LLC (Doc. 87-7), Premier Union Trust LLC (Doc. 87-8), South Premier Trust LLC (Doc. 87-9), Suncoast Mutual LLC (Doc. 87-10), United Choice Plus LLC (Doc. 87-11), Southern Choice LLC (Doc. 87-12), Southern Pride LLC (Doc. 87-13), Sun Premier LLC (Doc. 87-14), and Financial Service Trust LLC (Doc. 87-15), and its first requests for production on all of the Defendants (Doc. 87-16) (collectively, the "Written Discovery"). The Defendants' responses were therefore due on or before March 20, 2020.

The Defendants, however, did not respond to the Written Discovery by March 20, 2020. The Plaintiff conferred with the Defendants' counsel on March 25, 2020 about their responses and agreed to extend the deadline to respond until 2:00 p.m. on March 30, 2020. (Doc. 87 at 2). The new deadline came and went without the Defendants responding to the Written Discovery and, therefore, at 4:41 p.m. on March 30, 2020 the Plaintiff moved to compel responses. (Doc. 85). The Court denied that motion for failure to comply with Local Rules 3.01(g) and 3.04(a). (Doc. 86).

The Plaintiff filed an amended motion to compel on April 1, 2020, requesting that the Defendants be compelled to "immediately" respond to the Written Discovery, so it has enough time to review the information prior to the depositions scheduled to occur in April and May 2020. (Doc. 87 at 18 ("Motion")).[1] In addition, the Plaintiff requests that the Defendants be sanctioned pursuant to Federal Rule of Civil Procedure 37(d)(3) by allowing the Plaintiff "to file an appropriate motion

---

[1] The Motion now complies with Local Rules 3.01(g) and 3.04(a).

- 2 -

with the Court requesting that Defendants bear the cost of re-taking certain depositions in order to explore the late-disclosed evidence should Plaintiff deem it necessary." (*Id*. at 19).

The Defendants have not responded to the Motion, and the time to do so has passed. The Motion is therefore unopposed.

The Motion is due to be granted in part as unopposed. (Doc. 42 at 7) ("Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed."). In addition, the Defendants are deemed to have waived all objections by not timely responding to the discovery. *See Reliance Ins. Co. v. Core Carriers, Inc.*, Case No. 3:06-cv-585-J-20MCR, 2008 WL 2414041, *2 (M.D. Fla. June 11, 2008) ("when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived"). However, the Defendants may still assert the attorney-client and work-product privileges. If any Defendant asserts privilege, that party shall comply with the Court's standing order on the assertion of privilege. *Standing Order Regarding Privilege Logs*, Case No. 6:19-mc-32-Orl-LRH, Doc. 1 (M.D. Fla. June 17, 2019). The failure to comply with the standing order may result in the Court overruling any assertion of privilege.

As for the Plaintiff's request for sanctions, the Court declines to award such relief. If a party fails to respond to interrogatories or requests for production, the Court may impose any of the sanctions listed in Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vi) and/or require the party, it's attorney, or both to pay the moving party's reasonable expenses. Fed. R. Civ P. 37(d)(3). However, the Court should not impose sanctions if the failure was substantially justified or other circumstances make an award of expenses unjust. *Id*.

While there is no evidence that the failure to respond was substantially justified, imposing the requested sanction would be unjust under the circumstances of this case. The Plaintiff bears

some of the blame for the dilemma it finds itself in – having little to no time to review information produced in response to the Written Discovery. The Plaintiff inexplicably waited seven months to serve its first set of interrogatories and requests for production. As a result, the Defendants responses were due less than a few weeks before the parties' scheduled depositions. While the Defendants' failure to respond made matters worse, the Plaintiff is not without fault for its predicament. For this reason, the Court finds that imposing the requested sanction – seeking expenses for re-deposing a party or witness due to the inability to review information requested in the Written Discovery – would be unjust.[2]

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 87) is **GRANTED** as follows:

    a. **On or before April 24, 2020**, the Defendants shall serve complete responses to the Written Discovery.

    b. With the exception of the attorney-client and work product privileges, all objections to the Written Discovery have been waived.

    c. If any Defendant asserts privilege, that party shall comply with the Court's standing order on the assertion of privilege. *Standing Order Regarding Privilege Logs*, Case No. 6:19-mc-32-Orl-LRH, Doc. 1 (M.D. Fla. June 17, 2019).

2. The Motion (Doc. 87) is **DENIED** in all other respects.

---

[2] The Plaintiff, however, is not prohibited from seeking leave to re-depose a party or witness due to the untimely disclosure of the information requested in the Written Discovery. The Court is only denying the Plaintiff's present and speculative request to shift the expenses of re-deposing a party or witness onto the Defendants.

- 5 -

**DONE** and **ORDERED** in Orlando, Florida on April 17, 2020.

*Leslie R. Hoffman*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties