UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

        Plaintiff,                                Case no. 19-cv-1028-40LRH

vs.

FIRST CHOICE HORIZON LLC, et al.,

        Defendants.
_____/

**RECEIVER'S MOTION FOR ORDER COMPELLING
DEFENDANT CARLOS S. GUERRERO TO EXECUTE
STOCK TRANSFER PAPERS, AND APPOINTING RECEIVER
AS ATTORNEY-IN-FACT FOR DEFENDANT GUERRERO**

---

EXPEDITED CONSIDERATION REQUESTED

       The Receiver requests expedited consideration of this motion. Under this Court's order the Receiver is attempting to take control of real estate in New York City under contract for sale for almost $3.5 million. The Defendant Guerrero refuses to sign papers transferring control to the Receiver in violation of the Court's order. The Receiver is concerned that Guerrero may be attempting to sell the property and abscond with the proceeds. Moreover, according to Guerrero's counsel, Guerrero now claims to have intentionally transferred his interest in the subject property to his son, for no consideration, potentially in violation of this Court's preliminary injunction, for the purpose of placing the property beyond the reach of the Receiver and this Court.

---

       Mark J. Bernet (the "Receiver"), as receiver for First Choice Horizon LLC, First Southern Trust LLC, First United Mutual LLC, Premier Union Trust LLC, d/b/a Second Choice Horizon, South Premier Trust LLC, Suncoast Mutual LLC, United Choice Plus LLC, Southern Pride LLC, Financial Service Trust LLC, Southern Choice LLC, and Sun Premier LLC (collectively the "Receivership Defendants"), moves the Court for entry of an order (i) compelling the Defendant Carlos S. Guerrero to comply with a prior court

order by executing papers necessary to transfer his interest in Bavic Realty Corp. to the Receiver, and (ii) appointing the Receiver as attorney-in-fact for Guerrero for the purpose of effectuating the transfer and otherwise performing Guerrero's obligations under the Court's order, as they pertain to Bavic Realty Corp. and its $3.5 million multi-unit residential housing complex.

In support of this motion the Receiver submits the accompanying memorandum of law.

## MEMORANDUM

Approximately six weeks ago the Court entered its *Stipulated Order for Permanent Injunction and Monetary Relief* (doc. no. 93) (the "Judgment"). Among many other things, the Judgment directed the Defendant Carlos S. Guerrero to convey to the Receiver all of his interest in and to Bavic Realty Corp. ("Bavic"). This was an important component of the Judgment because Bavic, a New York corporation, owns a six-unit residential housing complex in New York City having a value of almost $3.5 million. Unfortunately, Guerrero is violating the Court's explicit instructions because he refuses to execute papers necessary to transfer his interest in Bavic to the Receiver. The Receiver therefore requests the Court's assistance.

I. BACKGROUND

In its June 3, 2019 Complaint (doc. no. 1), the FTC alleged the Defendants "engaged in a telemarketing scheme that defrauds financially distressed and often older adult consumers by selling a bogus credit card interest rate reduction service." Complaint, ¶2. The FTC alleged that the Defendants "induce the sale of their [interest

rate reduction] service by making numerous material misrepresentations," and that Defendants "charge a substantial fee for their service, which can generally range from $200 to $8,000." Complaint, ¶¶25, 26.  Defendants' actions, the FTC alleged, violated various provisions of Section 5 of the FTC Act, 15 U.S.C. §45(a) *et seq.*, as well as provisions contained within the Telemarketing Sales Rule codified at 16 C.F.R. Part 310 ("TSR").  The FTC therefore requested injunctive relief as well as money damages to address the injury to consumers.

On June 4, 2019, the Court entered a *Temporary Restraining Order* (doc. no. 12) (hereafter the "TRO").  Under the TRO, the Court temporarily enjoined the Defendants from a host of activities, including generally operating their business or engaging in any telemarketing activities whatsoever.  The Court also appointed the Receiver as receiver of the "Receivership Defendants," a term defined in the TRO as the non-individual Defendants First Choice Horizon LLC, First Southern Trust LLC, First United Mutual LLC, Premier Union Trust LLC, d/b/a Second Choice Horizon, South Premier Trust LLC, Suncoast Mutual LLC (the "Original Receivership Entities").

After his appointment the Receiver conducted a forensic analysis of the financial records of the Original Receivership Defendants and learned that then-non-parties United Choice Plus, LLC, Southern Pride LLC, Financial Service Trust LLC, Southern Choice LLC and Sun Premier LLC (collectively, the "New Receivership Entities") were involved with receiving funds from consumers in connection with the marketing, promotion, offering for sale, or sale of the lower-interest rate ("LI") product or service that is the subject of the FTC's lawsuit.  The Receiver therefore invoked provisions in the TRO to

declare the New Receivership Entities subject to the Receiver's receivership.  *See Receiver's Notice of Identifying Additional Receivership Entities* (doc. no. 16) filed June 13, 2019.[1]

On June 27, 2019, the Court entered its *Stipulated Preliminary Injunction* (doc. no. 28) (the "Preliminary Injunction"), which adopted most of the material provisions of the TRO, including the receivership provisions.

On July 16, 2019, the FTC filed its *First Amended Complaint for Permanent Injunction and other Equitable Relief* (doc. no. 37), for the purpose of adding the New Receivership Entities as defendants.

On July 27, 2020, the Court entered its *Stipulated Order for Permanent Injunction and Monetary Injunction* (doc. no. 93) (the "Judgment").  The Judgment implemented a settlement between the Plaintiff and the Defendants and was signed by all of the parties, including the Defendant Carlos S. Guerrero.  Concerning Guerrero, the Judgment:

- Permanently enjoined Guerrero from (i) advertising, promoting or selling any Debt Relief Product, (ii) all telemarketing activities, (iii) making any false representations to any person in connection with the sale, or attempted sale, of any Product or Service, (iv) submitting unauthorized applications on behalf of any Consumer for any Product or Service, and (v) taking any cash advance for payment from any consumer's credit card, or submitting any false or misleading billing information to any consumer (Judgment, Sec. I – VI);

---

[1] The Defendants utilized the New Receivership Entities for the purpose of opening new bank accounts, into which they deposited the proceeds from their telemarketing business.  This was necessary because financial institutions refused to transact business with the Original Receivership Defendants when the financial institutions detected fraud or unlawful conduct.

4

- Entered a money judgment against Guerrero and the other Defendants for $13,881,865 (Judgment, Sec. VII.A);

- Directed that funds located in bank accounts in Guerrero's name be transferred to the Plaintiff, and ratified prior transfers of those funds to the Receiver (Judgment, Sec. VII.D); and

- Directed Guerrero to transfer to the Receiver all of Guerrero's interest in Bavic Realty Corporation ("Bavic"), the owner of a six-unit residential building located at 9E 193 Street, Bronx, NY 10468 (the "193rd Street Property") (Judgment, Sec. VII.H).

## The 193rd Street Property

In a letter to Guerrero's counsel dated August 11, 2020, the Receiver requested that Guerrero execute a stock transfer form to formally transfer his interest in Bavic to the Receiver.  *See* Exhibit "A."  Guerrero, however, refuses to execute the assignment form.[2]

The Bavic portion of the Court's Judgment is especially important.  In 1998, the Defendant Carlos S. Guerrero was awarded 100 percent of the stock of Bavic under a Marital Settlement Agreement.  *See* Exhibit "B," p. 9.  Then, in 2018 Guerrero, on behalf of Bavic, signed a contract to sell the 193rd Street Property for $3,450,000.  Before the sale could close, however, Carlos Guerrero was sued by his ex-wife, Myrna Guerrero, who claimed that Carlos had transferred 90 percent of his ownership interest in Bavic to

---

[2] The assignment form was transmitted with the August 111, 2020 letter to Guerrero's counsel and is included as part of Exhibit "A.".  After the Receiver provided a draft copy of this motion to Guerrero's counsel as part of his Local Rule 3.01(g) obligations, Guerrero reportedly advised his attorney that he had transferred the property to his son in 2019.

5

her and their son, Carlos Guerrero, Jr., for no consideration.[3] Myrna Guerrero obtained a temporary injunction in New York state court enjoining the sale. Carlos Guerrero, Sr. defended the New York lawsuit by denying, under oath, that he had transferred ownership of any portion of Bavic to Myrna Guerrero or their son, and he raised various other defenses to her claims, including lack of consideration. The lawsuit remains pending and, to the best of the Receiver's knowledge, the 193rd Street Property remains under contract.

II. ARGUMENT

Section VII.H of the Judgment provides as follows:

> Defendant Carlos Guerrero shall transfer and assign all of his right, title, and interest in and to stock or any ownership in Bavic Realty Corporation ("Bavic"), whether real or personal, to the Receiver at his direction or to his designated agent. Defendant Guerrero shall further transfer and assign to the Receiver any and all right, title, and interest he has in the Real Property located at 9E 193 Street, Bronx, NY 10468 ("Guerrero Property"). This shall include all rights of possession, income generated from said Guerrero Property, and any proceeds generated from the sale thereof. This shall further include all rights whether held directly or indirectly…. Upon taking possession of said Guerrero Property, the Receiver shall market and sell the Guerrero Property, and any transfer fees, taxes, amounts owed on a mortgage, or other payments mandated from a transferor by law shall be paid from the proceeds of the sale at the time the properties are sold. All sale proceeds remaining shall be transferred to the Receiver or his designated agent. Defendant Guerrero shall cooperate in all matters pertaining in any way to Bavic and the Guerrero Property, including but not limited to providing the Receiver with all information related to Bavic and/or the Guerrero Property requested by the Receiver, and shall assist the Receiver with liquidating Guerrero's interest in Bavic, including assisting with

---

[3] In other words, under the worst-case scenario, Carlos Guerrero Sr. owns 10 percent of Bavic. At a minimum, this interest should be conveyed to the Receiver, although the Receiver believes that Carlos Guerrero Sr. in fact owns 100 percent of Bavic.

>respect to marketing and selling the Guerrero Property by providing to the Receiver all pertinent information, and by executing such title papers and documents necessary to transfer title.

The Receiver has prepared the necessary paperwork to effectuate the transfer of Guerrero's interest in Bavic, but Guerrero refuses to sign the papers. This is a direct violation of Section VII.H of the Judgment, as well as Section VII.I, which requires the Defendants to execute papers necessary for the Receiver to liquidate assets within three days of the Receiver's request.[4]

In managing a receivership, courts sit in equity. In shaping equity decrees, courts have broad powers and wide discretion. *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992). Here, Guerrero refuses to comply with the Court's order, and his refusal leaves the Receiver unable to perform his duties. The Court therefore should order Guerrero to sign the assignment papers provided by the Receiver. However, the Receiver also notes that Guerrero has proven to be untrustworthy, given that (i) he failed disclose his interest in Bavic or the 193rd Street Property, or his alleged transfer of his stock in Bacic, in his sworn financial statements submitted to the FTC and the Receiver, (ii) he testified in his deposition in this case that he had transferred 90 percent of his interest in Bavic to his ex-wife and son for no consideration, even though he filed sworn papers in the New York

---

[4] On September 17, 2020, the Receiver was informed by Guerrero's counsel that Guerrero refuses to sign the papers because, he claims, he assigned his interest in Bavic to his son, Carlos Guerrero Jr., in 2019. If true, this potentially is a direct violation of the Court's Preliminary Injunction. Additionally, in his financial disclosure forms, which Guerrero signed under penalty of perjury, Guerrero did not disclose this alleged transfer. Also, Guerrero signed the Judgment on June 20, 2020, and thereby agreed to be bound by its terms, including the provisions requiring him to transfer his interest in Bavic to the Receiver. Transferring assets in violation of the Preliminary Injunction, signing sworn financials containing false and incomplete information, and signing the Judgment and presenting it to the Court with actual knowledge that material provisions were incorrect, all present very troubling issues.

lawsuit in 2018 stating he had <u>not</u> transferred any interest in Bavic to his ex-wife and son, and (iii) he refuses to comply with this Court's orders. Accordingly, the Receiver submits that, in addition to ordering Guerrero to sign the assignment papers, the Court should appoint the Receiver as Guerrero's attorney-in-fact, with full power (i) to execute documents on behalf of Guerrero as they pertain to Bavic and the 193rd Street Property, and (ii) undertake appropriate action, including filing suit, to recover Guerrero's interest in Bavic and the 193rd Street Property.

Additionally, Guerrero now appears to claim that he transferred his interest in Bavic to his son in 2019. The Court therefore should order him to provide all relevant documentation to the Receiver and the Plaintiff immediately.[5]

III.   CONCLUSION

To obtain control over Bavic and the 193rd Street Property, the Receiver needs Guerrero to sign the assignment papers and otherwise cooperate. However, Guerrero has ignored the Court's order on these points. Accordingly, the Receiver requests that the Court enter an order (i) directing Guerrero to sign the assignment papers, and (ii) appointing the Receiver as attorney-in-fact for Guerrero for the purpose of implementing the provisions of the Judgment as they pertain to Bavic and the 193rd Street Property, including filing suit, to recover Guerrero's interest in Bavic and the 193rd Street Property.[6]

---

[5] There is reason to doubt this statement. Myrna Guerrero has alleged only that Carlos Guerrero Sr. transferred 90 percent of his interest in Bavic to her and their son, whereas Carlos Guerrero Sr. has stated under oath that he did not. There is no question, then, that Carlos Guerrero has lied, but even at worst, he would still retain a 10 percent interest in Bavic.

[6] At the Court's pleasure the Receiver is prepared to submit a proposed order with suggested attorney-in-fact provisions.

## LOCAL RULE 3.01(g) CERTIFICATION

The Receiver certifies that prior to filing this motion he attempted in good faith to resolve the issues raised herein. The Plaintiff reports it does not oppose the requested relief. Counsel for the Defendants originally reported that he was unable to contact Guerrero, and therefore could not consent to the requested relief. However, counsel for Guerrero subsequently reported that Guerrero claims to have transferred the property to his son in 2019; for that reason, Guerrero refuses to sign the assignment papers, and therefore does not consent.

## RESERVATION OF RIGHTS

Guerrero's conduct herein violated the Court's order and includes making false representations (*see* fn. 4). The Receiver specifically reserves the right to seek additional relief, including a finding of contempt against Guerrero.

/s/ Mark J. Bernet, Receiver
Mark J. Bernet, Receiver
Florida Bar no. 606359
401 E. Jackson Street, Suite 1700
Tampa, Florida  33602
Telephone:  (813) 223-7333
Facsimile:  (813) 218-5495
Email:  mark.bernet@akerman.com
Secondary:  brooke.rollins@akerman.com

CERTIFICATE OF SERVICE

I certify that on September 18, 2020, a copy of the foregoing was served by e-mail to Michael A. Boutros, Esquire, and Robin Rock, Esquire, Attorneys for Plaintiff, Federal Trade Commission, 225 Peachtree Street, N.E., Suite 1500, Atlanta, Georgia 30303, e-mail: mboutros@ftc.gov and mboutros@ftc.gov, and to Robert D. Eckard, Esquire, and Beth Ann Tobey, Esquire, Law Office of Robert Eckard and Associates, P.A., 3110 Palm Harbor Blvd., North, Palm Harbor, Florida 34683, e-mail robert@roberteckardlaw.com, bethann@roberteckardlaw.com.

/s/ Mark J. Bernet
Mark J. Bernet, Receiver

54657569;1