# Exhibit B

## MARITAL SETTLEMENT AGREEMENT

THIS AGREEMENT is effective the day and date below signed by the parties, **CARLOS GUERRERO,** herein referred to as "Husband," and **MYRNA E. GUERRERO,** herein referred to as "Wife."

The parties are husband and wife. They were married to each other on August 6, 1975. There were three (3) children born of the marriage, one who has reached the age of majority and two who are minors. The parties' minor children are **VANESSA I. GUERRERO,** born February 3, 1982, and **CARLOS D. GUERRERO,** born April 30, 1985.

Irreconcilable differences have arisen between the Husband and Wife such that their marriage is irretrievably broken and dissolution of marriage proceedings are imminent. The parties, in their desire to define all rights and obligations existing between them as a result of the marriage or otherwise, have reached the agreement set forth herein.

The consideration for this Agreement is the mutual benefit to be obtained by the parties and the promises of each party to the other. Each party admits the adequate of consideration for this Agreement.

THEREFORE, in consideration of the mutual promises, agreements, covenants and releases contained in this Agreement, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree to following terms:

1.    ACKNOWLEDGMENT OF FAIRNESS OF AGREEMENT. The parties have read this Agreement and believe and acknowledge this Agreement to be fair, just and reasonable. Each of the parties is acting without coercion or duress, and is freely and voluntarily agreeing to its terms and accepting its conditions, obligations, and mutual agreements.

EXHIBIT
A

Guerrero vs. Guerrero
Marital Settlement Agreement
Page 2

2.    SEPARATION. The parties shall hereafter live at the place of his or her own choosing, free from interference from each other. The parties shall not harass one another nor shall they interfere in any way with one another's private, social or business activities.

3.    SHARED PARENTAL RESPONSIBILITY. The parties are both fit parents and wish to share parental responsibility for the minor children. Husband shall be the primary residential custodian of the parties' minor children, **VANESSA I. GUERRERO**, born February 3, 1992, and **CARLOS D. GUERRERO**, born April 30, 1985, with the Wife having liberal rights of visitation.

4.    VISITATION. The parties believe it is in the best interest of the minor children to have continuing open and liberal visitation with their mother, and do not foresee the need for a structured visitation schedule. In the event of a disagreement between the parties relating to visitation, the parties agree to submit the conflict to a mediator, counselor or professional person trained in the area of resolution of family problems, and the parties agree to conclude said procedure prior to either party seeking relief from the Court.

5.    CHILD SUPPORT. The parties agree that Wife shall pay child support in an amount compatible with the recommendation of the Florida Child Support Guidelines. Said payments shall be made directly to the Husband, payable on the first day of each month, starting one (1) month after the entry of the Final Judgment of Dissolution of Marriage. Husband shall provide a receipt to Wife for each payment received. Child Support payments shall continue until each child reaches majority, marries, dies, or

Guerrero vs. Guerrero
Marital Settlement Agreement
Page 3

becomes self-supporting , at which time payment for that child will terminate.  The parties

specifically agree that Child Support Payments shall be decreased at the time the parties'

daughter, VANESSA  I. GUERRERO, reaches the age of majority, marries, dies or

becomes  self supporting.  At such time child support payments shall be adjusted to the

required amount for one child.  The parties further agree that if either child is attending

school to obtain a High School Diploma at the time he or she reaches the age of majority,

child support payments shall continue until he or she graduates from High School.

      6.    DEPENDENCY EXEMPTION. The parties agree that Husband shall claim

the dependency exemption for VANESSA I. GUERRERO, and the Wife shall claim

dependency exemption for CARLOS D. GUERRERO, under Section 152(e) of the Internal

Revenue Code of 1986, as amended.

      7.    MARITAL HOME.  The parties currently own a marital residence located at
1324 Brighton Way, Lakeland, Polk County, Florida,  legally described as:

            Lot 30, LAKE POINT SOUTH, according to the plat thereof
            recorded in Plat Book 68, Pages 1 and 2, public records of
            Polk County, Florida.

The parties agree that Wife, within five (5) days of the execution of this agreement , will

vacate the martial home and the Husband shall have sole occupancy and possession of

said home. Upon entry of Final Judgement of Dissolution, Wife shall quitclaim all her

interest in the property to Husband.  Thereafter, Husband shall be responsible for the

remaining balance on the existing mortgage and for all expenses related to the ownership

of the martial home.

Guerrero vs. Guerrero
Marital Settlement Agreement
Page 4

    8.    REAL PROPERTY.   The parties have acquired several parcels of real property during their marriage. Upon entry of a final judgment of dissolution, the properties shall be divided as follows.

    A)  Husband shall receive exclusive ownership of the following properties:

        a.  **1801 Highway 17 South, Winter Haven, Florida.**

All that part of the following described land lying North of the canal which connects Lake Hartridge and Lake Conine described as follows: The South 78'.5 feet of that part of the West ½ of the NE 1/4 of section 8, Township 28 South, Range 26 East, lying West of the Atlantic Coast Line Railroad Right-of-Way, and East of the Right-of-Way line of the Winter Haven-Lake Alfred paved highway, as now laid out and in use, all lying and being in Polk County, Florida, and less that portion of the property described in Quit Claim Deed recorded in O.R. Book 3833, Page 1750, Public Records of Polk County, Florida.

        b.    **Lot 157 of Carefree Cove, Winter Haven, Florida.**

Lot 157 of CAREFREE COVE, UNIT #3, according to the map or plat thereof recorded in Plat Book 46, Page 8, public records of Polk County, Florida.

        c    **929 Ariana Street, Lakeland, Florida.**

Lots 1 to 16, both inclusive of QUIET OAKS, as shown by map or plat thereof, recorded in the office of the Clerk of the Circuit Court in and for Polk County, Florida, in Plat Book 73, Page 33.

        d.    **1141 Highway 92 West, Auburndale, Florida:**

PARCEL 1: Begin at the SW corner of the SE 1/4 of the NW 1/4 of Section 18, Township 28 South, Range 25 East, Polk County, Florida, run thence North along the West line thereof a distance of 296.22 feet to a point on the Northerly right-of-way line of St. Rd. No. 600 (U.S.

Guerrero vs. Guerrero
Marital Settlement Agreement
Page 5

Highway 92) said point being the point of beginning for
this description, continue thence North along said West
line a distance of 313.56 feet, run thence East and
parallel with the North line of said SE 1/4 of NW 1/4 a
distance of 194.03 feet, run thence South and parallel
with the West line a distance of 275.75 feet to the said
right-of-way line a distance of 197.60 feet to the point
of beginning

AND

The East ½ of the following described property: Tract
8 - The SW 1/4 of the NW 1/4 of Section 18,
Township 28 South, Range 25 East, Polk County,
Florida, North of State Road 600 (U.S. Highway 92),
Less the West 1100 feet and the North 825 feet
thereof.

e.    **510 West Timberlane (Quadruplex), Lakeland, Florida:**

Lot 34, COMBEEWOOD, according to the Plat thereof,
recorded in Plat Book 61, page 9, Public Records of
Polk County, Florida.

Wife, in furtherance of the intent of this agreement, shall quitclaim all her interest in the

above properties to Husband.  Thereafter, Husband shall be responsible for the remaining

balance on any existing mortgage and for all expenses related to the ownership of said

properties.

B.    Wife shall receive exclusive ownership of the following properties:

a.    **3036 New Jersey Road, Lakeland, Florida:**

Lot 12, Block 2, EDGEWOOD PARK SUBDIVISION,
UNIT ONE, according to the map or plat thereof, as
recorded in Plat Book 43, Page 9 of the Public Records
of Polk County, Florida.

Guerrero vs. Guerrero
Marital Settlement Agreement
Page 6

    b.    **3030 New Jersey Road, Lakeland, Florida:**
Lot 11, Block 2, of EDGEWOOD PARK, UNIT NO. 1, as
recorded in Plat Book 43, Page 9, Public Records of
Polk County, Florida.

    c.    **6132 Quail Ridge Drive, Lakeland, Florida:**

    Lot 55, unrecorded SCOTT LAKE ESTATES, described
as follows:  The South 107.0 feet of the North 642.0
feet    of the West 127.0 feet of the East 622.0 feet of
the Southwest 1/4 of the Southeast 1/4 of Section 18,
Township 29 South, Range 24 East, Polk County,
Florida; subject to an easement for public utilities
across the East and South 7.5 feet thereof.

Husband, in furtherance of the intent of this agreement, shall quitclaim all his
interest in the above properties to Wife.  Thereafter, Wife shall be responsible for the
remaining balance on the existing mortgages and for all expenses related to the ownership
of said properties.

    9.    <u>VEHICLES.</u>  The parties agree that, upon the execution of this agreement,
Husband  shall have sole ownership of the 1993 Amigo he currently drives, sole ownership
of the 1996 Jimmy titled in his name, and shall be responsible for the lease of the 1998
Toyota 4Runner. Each party shall assume the existing debt on his or her vehicle and shall
hold the other party harmless from any liability thereon.  Further, Wife agrees to assume
full responsibility for the lease of the 1997 Bravada and to hold Husband harmless from
any liability therefrom.

    10.    <u>CREDIT CARD DEBTS</u>.  The parties agree that Husband shall be
responsible for the payment of all credit cards in his name and Wife shall be responsible
for payment of all credit cards in her name.  The parties acknowledge that they have no
jointly titled credit cards.

Guerrero vs. Guerrero
Marital Settlement Agreement
Page 7

11.   ALIMONY.  Both Husband and Wife specifically waive any present or future right he or she may have now or in future of alimony including, but not limited to, lump sum, permanent, periodic or rehabilitative alimony, or any claim for support or maintenance.

12.   PERSONAL PROPERTY.  The parties acknowledge that they have divided all items of marital personal property, and that all personal property now in  the possession of Husband shall be his property absolutely,  and all personal property now in the possession of Wife shall be her personal property absolutely.

13.   ATTORNEY'S FEES AND COSTS.  Each party shall be responsible for his or her attorney's fees and costs in this matter.

14.   BANK ACCOUNTS.  The parties' bank accounts have been divided, and all bank accounts now in Husband's name shall be his sole property, and all bank accounts now in Wife's name shall be her sole property.

15.   LIFE INSURANCE POLICIES.  Husband is the owner of a State Farm life insurance policy on his life in the face amount of $120,000.00,  policy # LF 1266–0534, and Wife is the owner of a State Farm life insurance policy on her life in the face amount of $120,000.00, policy #LF 1266-0588.  Upon execution of this agreement each party shall became the sole owner of his or her life insurance policy.

16.   BUSINESSES.   The parties currently run and control the following businesses:

a.   OASIS RESTAURANT & LOUNGE, INC.  Wife shall transfer and assign to Husband all her interest and stock in said corporation, which owns and operates

Guerrero vs. Guerrero
Marital Settlement Agreement
Page 8

a business by the same name.    Thereafter, Husband shall indemnify and hold Wife

harmless from any liability connected with the ownership and operation of said business.

  b.  GATORS SPORTS BAR.  The parties jointly own the business known

as Gators Sports Bar, located at 1801 Highway 17 South, Winter Haven, Florida, on real

property owned by the parties.  Upon dissolution of the parties' marriage Wife will

quitclaim her interest in the real property and Husband will become the sole owner of the

business. Upon execution of this Agreement Husband shall indemnify and hold Wife

harmless for any liability connected with the operation of Gators Sports Bar

  17.    NEW YORK STATE CORPORATIONS:  Upon dissolution of the parties'

marriage the parties agree to divide their interest in their New York corporations as

follows:

  a.    MYCAR Realty Corporation.  Husband shall transfer and assign to

  wife any interest, stock, or claim he may have in said corporation.  In

  return, Wife shall indemnify and hold Husband harmless from any

  liability in connection with said business.

*I Myrna Guerrero agree to change the amount for CMG Management Corp from $550,000.00 to 350,000.00 on my own free will.*

  b.  CMG. Management Corporation.  Wife shall transfer and assign to

  Husband any and all interest, stock, or claim she may have in said

  corporation.  In return, CMG Management Corporation shall give to

  wife a promissory note in the amount of $~~550,000.00~~ $350,000.00 (MG), payable in 20

  years, at an interest rate of 6.5% per year, with payments to begin (1)

  one month after transfer of property.  Said note shall be guaranteed

  by the Husband, individually, and shall be secured by a Mortgage of

*Myrna E Guerrero*

Guerrero vs. Guerrero
Marital Settlement Agreement
Page 9

even date on all the property owned by CMG Management
Corporation.

c.   BAVIC Realty Corporation.   Wife shall transfer and assign to
Husband any and all interest, stock, or claim she may have in said
corporation.   In return, Husband shall indemnify and hold Wife
harmless for any liability of, BAVIC Realty Corporation, a New York
corporation.  Husband shall indemnify and hold Wife harmless for
Any liability connected with the operation of said business.

18.   MORTGAGE ON 1920 ANTHONY AVENUE, NEW YORK, NY: The parties
are the owners of a mortgage given by Damon Realty Corporation, of 333 Sea Cliff
Avenue, Sea Cliff, NY, secured by real property located at 1920 Anthony Avenue, New
York, NY.  Husband shall assign all his interest and rights in said mortgage to Wife.

19.   NECESSARY DOCUMENTS.  Each of the parties hereto shall execute and
deliver to the other any documents which may be reasonably required to carry out and
accomplish the intention of this Agreement and each of the parties shall do all other
necessary things to accomplish that end.

20.   MUTUAL RELEASE.  Except as otherwise provided in this Agreement, each
party releases the other party from all claims or demands up to the date of the execution
of this Agreement. Each party also waives and releases all rights which he or she may
have or may acquire in any real property now or hereafter owned by the other, all rights
and claims that they may now or hereafter have to share in the estate of the other upon
the death of the other, whether by way of statutory allowance or distribution in intestacy,
or right of election to take against any last will or codicil of the other under the statutory

Guerrero vs. Guerrero
Marital Settlement Agreement
Page 10

provisions of any jurisdiction now or hereafter in force, except as may be provided by a

Will subsequent to the date of this Agreement.

21.    WAIVER OF MODIFICATION. No portion of this Agreement shall be subject

to modification by either party as each specifically and irrevocably waives the right to do

so now and in the future under existing of future laws of the State of Florida or any

jurisdiction.

22.    DISSOLUTION OF MARRIAGE. The parties agree that this Agreement shall

be introduced into evidence in any action for dissolution of their marriage and shall

constitute a request to the Court by the parties that a Final Judgement of Dissolution of

Marriage be entered in accordance with the terms and conditions as set forth herein.

Although this Agreement shall be incorporated in a Final Judgement of

Dissolution of Marriage, it shall not be merged in such a judgement, but shall survive the

judgement and henceforth be binding on the parties.

23.    REPRESENTATIONS. The parties represent to each other that:

a.    Each party fully understands the facts as to his or her legal rights and

obligations. Each is signing the Agreement freely and voluntarily, intending to be bound

by it.

b.    Each party has made a full disclosure to the other of his or her assets

and current financial condition.

c.    Each party understands and agrees that this Agreement constitutes the

entire contract between the parties and supersedes any prior understanding or agreement.

There are no representations or warranties other than those set forth in this Agreement.

Guerrero vs. Guerrero
Marital Settlement Agreement
Page 11

      d.    Each party is aware of the law of Florida with respect to the power of the court under certain conditions to modify the terms of this Agreement, particularly with reference to matters of child custody and support.

      e.    In the event of reconciliations, the parties understand that matters dealing with property division shall continue to be binding unless agreed to otherwise in writing.

      f.    Each party has given careful and mature thought to the making of this Agreement.

      g.    Each party has carefully read each provision of this Agreement.

      h.    Each party fully and completely understands each provision of this Agreement, both as to the subject matter and legal effect.

      i.    Both parties understand that Wilma Carrillo is an attorney licensed to practice law in the State of Florida and that she is not representing both parties and may not represent both parties. Wilma Carrillo is representing the Wife , **MYRNA GUERRERO**, and the Husband has been advised of his rights to obtain his own attorney.

24.    <u>THE CHOICE OF LAW</u>. The laws of the State of Florida shall govern the validity, construction, interpretation and effect of this agreement.

25.    <u>ENFORCEMENT OF AGREEMENT</u>. Both parties agree that the Court granting a decree a reservation of jurisdiction for the purpose of compelling either party to perform this Agreement, or any part thereof, on his or her part to be performed, and otherwise enforce the provisions contained herein.  The party against whom a court order is secured to compel performances of this Agreement, or any part hereof, agrees to pay the prevailing party all costs and reasonable attorney's fees in connection with such

Guerrero vs. Guerrero
Marital Settlement Agreement
Page 12

proceedings.  In the event it becomes necessary to file legal suit or to seek assistance

form a court of law for the enforcement of this Agreement and any enforcement action

thereon and venue shall be in Polk County, Florida.

26.    BINDING EFFECT. This Agreement shall be binding upon the parties hereto

their heirs, personal representatives and assigns.

27.    WAIVER OF MANDATORY DISCLOSURE.  The parties each waive the

mandatory disclosure as provided by Rule 12.285 *Florida Family Law Rules of Procedure*.

The parties understand that the provision as to financial affidavits cannot be waived.

28.    DEFAULT. In the event either party to this Agreement defaults in his or her

obligation hereunder, the party in default shall be liable to the other party for all reasonable

expenses incurred, including attorney's fees, in the enforcement of obligations created by

this Agreement.


EXECUTED this *3rd* day of *September*____, 1998.

Signed in the presence of:

_____          _____
Witness WILMA CARRILLO              MYRNA E. GUERRERO

_____
Witness OMEGA MOTHERSTLL

Guerrero vs. Guerrero
Marital Settlement Agreement
Page 13

STATE OF FLORIDA

COUNTY OF POLK

The foregoing instrument was acknowledged before me this _3rd_ day of
_September_ , 1998, by **MYRNA E. GUERRERO**, who is personally known to me or
who produced _N/A_ as identification.

VILMA CARRILLO
MY COMMISSION # CC 706217
EXPIRES: March 20, 2002
Bonded Thru Notary Public Underwriters

_____
Notary Public
_WILMA CARRILLO_
Printed Name of Notary Public

Signed in the presence of

_____
Witness

_____
Witness

_____
**CARLOS GUERRERO**

STATE OF FLORIDA

COUNTY OF POLK

The foregoing instrument was acknowledged before me this _3rd_ day of
_September_ , 1998, by **CARLOS GUERRERO**, who is personally known to me or who
produced _FL DL " G 660·117·54·181·0_ as identification.

PAULA VITALE
Notary Public, State of Florida
My comm. expires May 09, 1999
No. CC461266
Bonded thru Ashton Agency, Inc.

_____
Notary Public
_Paula Vitale_
Printed Name of Notary Public

INSTR # ████████████
██ BK 04460 PG 1955
RECORDED 05/22/2000 09:20 AM
RICHARD M. WEISS CLERK OF COURT
POLK COUNTY
DEPUTY CLERK S Wiggins

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT, IN AND FOR POLK COUNTY, FLORIDA

CASE NO.: GC-F-99-1929
SECTION    09

IN RE: THE MARRIAGE OF

MYRNA E. GUERRERO,
       WIFE,

and

CARLOS GUERRERO,
       HUSBAND.

_____/

## FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE

THIS CAUSE came on to be heard before the Court on April 24, 2000 on the Wife's Petition for Dissolution of Marriage. Wife appeared with her attorney of record and Husband appeared pro-se. The Court having considered the evidence presented finds as follows:

1. This Court has jurisdiction over this cause and the parties hereto.

2. The parties were married to each other on August 6, 1975, in New York, New York.

3. The marriage between the parties is irretrievably broken.

4. Wife's Social Security Number is ███████.

5. Husband's Social Security Number is ███████.

6. There have been three (3) children born of this marriage, two of which are minors, to wit: VANESSA I. GUERRERO, whose Social Security Number is ███████ born February 3, 1982, and CARLOS D. GUERRERO, whose Social Security Number is ███████ born April 30, 1985. No further children are expected.

7. The parties entered into a Marital Settlement Agreement which includes a request that the Court enter a Final Judgment of Dissolution in accordance with the terms and conditions set forth therein and the Court finds that said agreement was entered freely and voluntarily, and should be ratified and approved by the Court.

DOCKETED-PR

CERTIFICATION ON LAST PAGE
STACE M. BUTTERFIELD
CLERK OF THE CIRCUIT COURT

POLK OR BK 04460  PG 1956

8.     According to the parties' Agreement, the minor children shall reside with Husband, and Wife shall pay child support directly to Husband. The Court advised Husband of his rights to request payment through the Court but both parties testified that they would prefer that payments be made directly to Husband.

9.     Based on the parties' testimony the property located at 929 Ariana Street was sold. Wife signed the deed and Husband received the proceeds of said sale.

10.     Based on the parties' testimony the property located at 510 West Timberlane was sold. Wife signed the deed and Husband received the proceeds of said sale.

11.     Based on the parties' testimony they are fully aware of each other's financial status and have managed their business so that each party makes the same amount of money. However, Husband shall be required to file a financial affidavit within thirty (30) days from the date of this Final Judgment.

It is thereupon ORDERED and ADJUDGED as follows:

A.     The marriage between Wife, MYRNA E. GUERRERO, and Husband, CARLOS GUERRERO, is hereby dissolved.

B.     The parties' Marital Settlement Agreement dated September 3, 1998, which has been filed with the Court, is hereby incorporated into and made a part of this Final Judgment by reference, and the parties are ordered to comply with its terms.

C.     The parties are awarded shared parental responsibility of the parties' minor children, VANESSA I. GUERRERO, and CARLOS D. GUERRERO. Husband is awarded primary physical residency of the minor children and Wife is awarded visitation rights according to the parties' Marital Settlement Agreement.

D.     Wife shall pay child support for the parties' minor children in the amount of $1,267.00 payable on the first day of each month, starting one (1) month after the entry of the Final Judgment of Dissolution of Marriage, directly to Husband.

E.     The Court shall retain jurisdiction of the parties and this cause for the entry of such further orders as may be proper. The Court specifically retains jurisdiction of the parties and this cause for the purpose of compelling either party to perform the

POLK OR BK 04460   PG 1957

Marital Settlement Agreement filed with the Court, or any part thereof, and otherwise
enforce the conditions therein.

DONE and ORDERED in Chambers at Bartow, Polk County, Florida, this
_____ day of _____ 2000

Judith J. Flanders, Circuit Judge

copies to:
Wilma Carrillo Esquire
Myrna Guerrero
Carlos Guerrero

STATE OF FLORIDA, COUNTY OF POLK
This is to certify that the foregoing is a true
and correct copy of the document on
record in this office
Official seal of
This copy has been re ___
law, redacted
STACY M. BUTTERFIELD, CLERK CIRCUIT COURT
By