## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

              Plaintiff,

    v.

FIRST CHOICE HORIZON LLC, *et al*,

           Defendants.

Case No. 6:19-cv-1028-PGB-40-LRH

## PLAINTIFF FEDERAL TRADE COMMISSION'S RESPONSE TO THE COURT'S ENDORSED ORDER [DKT. NO. 97] REGARDING EFFECT OF DEFENDANT GUERRERO'S PENDING BANKRUPTCY PROCEEDINGS ON RECEIVER'S MOTION TO COMPEL

Pursuant to the Court's Endorsed Order (ECF No. 97), Plaintiff, Federal Trade Commission ("FTC" or "Commission") files this response regarding the Receiver's Motion for Order Compelling Defendant Carlos S. Guerrero to Execute Stock Transfer Papers, and Appointing Receiver as Attorney-in-Fact for Defendant Guerrero (ECF No. 95 (the "Motion to Compel")).  In sum, due to the reopening of Defendant Guerrero's bankruptcy case, and orders entered in that case, the Motion to Compel should either be:  (a) withdrawn by the Receiver, without prejudice to refiling (which the FTC understands the Receiver intends to do); or, alternatively, (b) absent such withdrawal, denied as moot by the Court, but without prejudice to the refiling of the motion or a different motion seeking similar relief should circumstances warrant.

### A.  Defendant Guerrero's Bankruptcy Case

On or about January 12, 2009, Defendant Guerrero filed a petition for relief under Chapter 11 of the Bankruptcy Code.  *In re Carlos S. Guerrero*, No. 8:09-bk-00372 (Bankr. M.D.

Fla.) (Bankr. ECF No. 1).  In late October of 2010, Defendant Guerrero's bankruptcy case was converted to a Chapter 7 case (Bankr. ECF No. 295), and as a result, a Chapter 7 Trustee (Douglas N. Menchise) was appointed to oversee the marshalling and liquidation of Defendant Guerrero's assets.  A few years later, the Trustee concluded his administration of Defendant Guerrero's disclosed assets and his bankruptcy case was closed on February 27, 2012 (Bankr. ECF No. 328).

On September 4, 2020, more than eight years after Defendant Guerrero's bankruptcy was closed, the U.S. Trustee filed a motion to reopen Defendant Guerrero's bankruptcy case, citing the discovery of a previously undisclosed asset (Bankr. ECF No. 330).  The bankruptcy court granted that motion four days later, and reappointed the prior Ch. 7 Trustee to administer certain assets (ECF No. 96-1).  To date, the only asset the Trustee has identified that he intends to pursue is Defendant Guerrero's interest in Bavic Realty Corporation ("Bavic").[1]

The FTC has taken the position in Defendant Guerrero's bankruptcy case that the Trustee made a *prima facie* showing that Defendant Guerrero held an interest in Bavic during the pendency of his bankruptcy case.  As a result, Defendant Guerrero's interest in Bavic presently is being administered as property of the reopened bankruptcy estate.  11 U.S.C. § 541.  For that reason, the FTC has agreed that the automatic stay prevents the FTC and/or Receiver from collecting ***only*** Defendant Guerrero's interest in Bavic under Section VII.H of the Stipulated Order for Permanent Injunction and Monetary Judgment (ECF No. 93 (the "Stipulated Order")).

---

[1] According to the Trustee, he intends to pursue both Defendant Guerrero's interest in Bavic's stock, and the real property it owns.  Bankr. ECF No. 361.

11 U.S.C. § 362(a), (c).[2]  Indeed, Bavic is the only asset presently subject to the automatic stay

imposed by order of the bankruptcy court (Bankr. ECF No. 361, attached as Exhibit A hereto).[3]

### B. Turnover Provisions in the Stipulated Order

Bavic is an asset that Defendant Guerrero is required to turn over to the Receiver

pursuant to the Stipulated Order.  Specifically, Defendant Guerrero was ordered to:  "transfer and

assign all of his right, title, and interest in and to stock or any ownership in [Bavic], whether real

or personal, to the Receiver at his direction or to his designated agent."  Stipulated Order,

Section VII.H.[4]  Thus, the Trustee's activities in Defendant Guerrero's bankruptcy case

implicate *only* Section VII.H of the Stipulated Order, which provides for turnover of Defendant

Guerrero's rights and interests in Bavic.

### C. Currently, the Motion to Compel Is Not Yet Ripe

Once the extent of Defendant Guerrero's interests in Bavic are resolved in his bankruptcy

case[5], assets may remain for the Receiver to recover under the Stipulated Order.  For example,

---

[2] The automatic stay presently does not apply to any other assets in the Stipulated Order, nor could it.  Assets acquired after conversion to Chapter 7, and after closing of Defendant Guerrero's bankruptcy case are no longer (and for the former never were) property of his bankruptcy estate.  11 U.S.C. § 541(a).

[3] Given the length of time that has passed between the closing of Defendant Guerrero's bankruptcy case and the motion to reopen, only assets identified as subject to the stay should be treated as such.  In other words, the fact that Defendant Guerrero's bankruptcy case has been reopened does not mean the Trustee can assert control over Defendant Guerrero's post-petition assets or assets Defendant Guerrero acquired after the prior automatic stay expired in his bankruptcy case.  11 U.S.C. §§ 541, 362(c)(1)-(2).  Upon closing of a debtor's bankruptcy case, the Bankruptcy Code does not allow the Trustee to reach Defendant Guerrero's future assets, such as the assets identified and subject to turnover in the Stipulated Order (with the exception of Bavic).

[4] The Stipulated Order contains additional provisions related to real property purportedly held in Bavic's name.  Stipulated Order, Section VII.H.

[5] The Trustee has filed an adversary proceeding in which he asserts causes of action (for declaratory judgment, turnover, an accounting, and avoidance and recovery of post-petition

after the Trustee resolves the extent – and time of acquisition – of Defendant Guerrero's ownership interests in Bavic, the Trustee could sell those interests in order to liquidate the asset. Then, the Trustee would use the proceeds of that sale to distribute any funds remaining to creditors who were not paid in full through Defendant Guerrero's bankruptcy case.  Provided funds remain after the Trustee pays then-existing creditors, those funds normally would be remitted to the debtor.[6]  11 U.S.C. § 726(a)(6).  But, Defendant Guerrero presently is obligated by the Stipulated Order to turn all of his interests in Bavic over to the Receiver.  Stipulated Order, Section VII.H.  Thus, if funds remain at the conclusion of Defendant Guerrero's bankruptcy case from the Trustee's administration of Defendant Guerrero's interests in Bavic, those funds must be remitted to the Receiver under the Stipulated Order.  *Id.*

Because the dispute over and final administration of Defendant Guerrero's interests in Bavic are in a very nascent stage, the FTC contends that the Receiver's Motion to Compel is not ripe.  Defendant Guerrero's interests in Bavic are subject to the automatic stay in his bankruptcy case (Ex. A), and the automatic stay prohibits the Receiver from taking further action to obtain possession of or exercise control over Bavic.  11 U.S.C. § 362(a)(3).  Accordingly, the FTC understands the Receiver plans to withdraw the pending Motion to Compel without prejudice— an outcome the FTC contends is appropriate.  Absent withdrawal, the Court should deny the motion without prejudice to future renewal, refiling, and/or modification should circumstances arise at the conclusion of Defendant Guerrero's bankruptcy case that warrant further action by the Receiver before this Court.

---

transfers) against all who have claimed to hold interests in Bavic, its stock and assets.  *See Menchise v. Guerrero, et al.*, Adv. No. 8:20-ap-00557 (Bankr. M.D. Fla.) (filed Oct. 27, 2020).

[6]  Although remote, the possibility remains that the Trustee or bankruptcy court finds Defendant Guerrero did not hold an interest in Bavic such that it was property of his prior bankruptcy estate. If that were to occur, the automatic stay would lift, and the turnover requirements in Section VII.H of the Stipulated Order would become enforceable again.

Dated:  January 13, 2021                    Respectfully submitted,

                                            /s/ Michael A. Boutros
                                            **MICHAEL A. BOUTROS**
                                            **ROBIN L. ROCK**
                                            225 Peachtree Street, N.E., Suite 1500
                                            Atlanta, Georgia 30303
                                            (404) 656-1351 (Boutros office)
                                            Email:   mboutros@ftc.gov
                                            (404) 656-1368 (Rock office)
                                            Email: rrock@ftc.gov
                                            (404) 656-1379 (FTC Fax)

                                            **Attorneys for Plaintiff**
                                            **FEDERAL TRADE COMMISSION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this date, I electronically filed the foregoing with the Clerk of the

Middle District of Florida, Orlando Division, using the CM/ECF system, which will send notice

of electronic filing to the service list below.

Robert D. Eckard, Esq.
Law Office of Robert Eckard & Associates, P.A.
3110 Alternate U.S. 19 North
Palm Harbor, FL 34683
Robert@RobertEckardLaw.com

Mark J. Bernet, Esq., Receiver
Akerman LLP
401 E. Jackson St. Suite 1700
Tampa, FL 33602
Mark.bernet@akerman.com

Dated: January 13, 2021                  /s/ Michael A. Boutros
                                         **MICHAEL A. BOUTROS**