UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

           Plaintiff,                    Case no. 6:19-cv-1028-40LRH

vs.

FIRST CHOICE HORIZON LLC, et al.,

           Defendants.
_____/

**RECEIVER'S RESPONSE TO COURT'S INQUIRY
CONCERNING GUERRERO'S BANKRUPTCY CASE**

Mark J. Bernet (the "Receiver"), as receiver for First Choice Horizon LLC, et al.. (collectively the "Receivership Defendants"), responds to the Court's January 6, 2021 *Order* (doc. no. 97) directing briefing on the effect of Defendant Guerrero's re-opened bankruptcy case on pending motions.

The automatic stay precludes the Receiver from taking action against the Bavic stock, as is requested in his pending motion.[1] *See* 11 U.S.C. §362(a)(3). The Receiver accordingly withdraws the motion, without prejudice.

---

[1] Guerrero acquired the Bavic stock in 1998, under a court order entered in his divorce case approving a marital settlement agreement. He filed a Chapter 11 bankruptcy in 2009 but failed to disclose the Bavic stock on his sworn schedules of assets and liabilities. The bankruptcy case was converted to a Chapter 7 in 2010. This obligated Guerrero to file a new set of sworn bankruptcy schedules, where he again failed to disclose the Bavic stock. In 2011 Guerrero purported to assign 90 percent of his interest in the Bavic stock to his ex-wife and his son, but because this was a post-bankruptcy transfer without the permission of the bankruptcy trustee or the bankruptcy court, the purported transfer is void and of no force or effect. Guerrero then presented two sworn financial statements in this case where he failed to identify the Bavic stock, and he testified falsely at deposition concerning the stock. The Bavic stock presently is being administered by the bankruptcy trustee.

While there might be other avenues on which to proceed, the Receiver notes that the Receivership Defendants are insolvent. As such, the Receiver's fiduciary obligation flows in favor of the creditors of the Receivership Defendants. The largest creditor of the Receivership Defendants is the Plaintiff. Accordingly, the Receiver defers to the position of the Plaintiff, as may be expressed.

*/s/ Mark J. Bernet, Receiver*
Mark J. Bernet, Receiver
Florida Bar no. 606359
401 E. Jackson Street, Suite 1700
Tampa, Florida  33602
Telephone:  (813) 223-7333
Facsimile:  (813) 218-5495
Email:  mark.bernet@akerman.com
Secondary:  brooke.rollins@akerman.com

CERTIFICATE OF SERVICE

I certify that on January 13, 2021, a copy of the foregoing was served by e-mail to Michael A. Boutros, Esquire, and Robin Rock, Esquire, Attorneys for Plaintiff, Federal Trade Commission, 225 Peachtree Street, N.E., Suite 1500, Atlanta, Georgia  30303, e-mail: mboutros@ftc.gov and mboutros@ftc.gov, and to Robert D. Eckard, Esquire, Law Office of Robert Eckard and Associates, P.A., 3110 Palm Harbor Blvd., North, Palm Harbor, Florida 34683, e-mail robert@roberteckardlaw.com.

*/s/ Mark J. Bernet*
Mark J. Bernet, Receiver

cc:   Michael A. Ziegler, Esquire (via e-mail)
        Steve Berman, Esquire (via e-mail)

*(Neither Mr. Ziegler nor Mr. Berman have filed appearances in this case)*

56022259;1